Samuel M. Gold, J.
Defendant Covino moves for dismissal of the complaint on the ground of legal insufficiency, and, further, for dismissal pursuant to subdivisions 5 and 7 of rule 107 of the Rules of Civil Practice upon the grounds that the contract in suit is unenforcible under the Statute of Frauds, not being performable within a year, and maintenance of the action is time-barred. The question presented is which of the individual parties to the action is entitled to receive payment from the defendant New York City Employees’ Retirement System of the contributions made by the deceased. The deceased employee was plaintiff’s husband.
It is alleged in a first cause of action that plaintiff had instituted an action against the deceased for a separation on the grounds of abandonment and nonsupport. Thereafter, by an oral agreement, and a decree of the Supreme Court, Bronx County, it was ordered that the deceased make payment of the sum of $27.50 weekly to the plaintiff. As part of the oral arrangement made to settle the marital affairs, it was understood that the designation of the plaintiff as beneficiary, made in 1932, would continue undisturbed, and the consent of the plaintiff to the weekly payments in the sum fixed by the decree was obtained by her husband on the express representation and inducement that he would leave the designation undisturbed, so that she would be adequately provided for in the event of his death. It is further alleged in the first cause of action that deceased was ill and in a weakened condition, physically and mentally, when in July, 1956, by the use of duress, undue influence, threats, reprisals and exposure, defendant Covino induced the deceased, taking advantage of his weakened physical and mental condition, to change the designation of beneficiary, thus depriving plaintiff of her continued right to support, which had been assured to her as an inducement to accept the weekly payments as provided in the decree.
In the second cause of action it is alleged that in October, 1952, plaintiff and the deceased entered into an agreement of *388 compromise, the deceased agreeing to maintain plaintiff’s position as the designated beneficiary, waiving his right to change the designation. It is further alleged that the representation and statements were knowingly false; that the deceased did not intend to provide for plaintiff’s support in the event he predeceased her, and made such false statements to induce the plaintiff to settle the then pending litigation. By reason thereof, the plaintiff discontinued the litigation.
The arguments urged in support of the application, pursuant to rule 107, are also urged in support of the application pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice. The objections of Statute of Frauds and the Statute of Limitations are not reached by rule 106. There are elements stated in each cause of action which warrant their maintenance, with leave to the defendant to urge the claimed defenses in her answer. The motion is denied.